# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

OSCAR FUENTES DIAZ,

    Defendant.

Case No.12-CR-199-CVE

## OPINION AND ORDER

Defendant's Motion to Reconsider Protective Order, [Dkt. 74], is before the undersigned United States Magistrate Judge for decision.

In Case No. 12-MC-28-GKF a protective order was entered which authorizes the disclosure of investigative materials including recordings of court authorized wire communications, transcripts of intercepted wire communications and related documents to Defendants' counsel. Discovery provided to Defendant's counsel in this case consists of 618 pages of documents and four audio CDs which contain audio and data. The protective order prevents Defendants' counsel from disseminating the materials and, as relevant to this motion, requires Defendant's counsel to maintain complete custody and control over the documents which prevents Defendant's counsel from leaving any materials at the jail with Defendant to enable him to review and study them without counsel being physically present during the review.

Defendant argues: 1) he is not subject to the protective order because it was issued before his initial appearance so he was not provided notice or an opportunity to be heard which violates due process; 2) the protective order was not supported by good cause and

therefore improper; and 3) the protective order is overly broad and the restrictions inhibit effective assistance of counsel and the right to participate in his own defense.

The entry of the protective order before Defendant's initial appearance does not violate due process. As Defendant acknowledges in his motion, Fed.R.Crim.P. 16(d)(1) specifically permits the entry of *ex parte* protective orders and the court has broad discretion in making the decision to enter a protective order. Moreover, as evidence by the current Motion to Reconsider the Protective Order, Defendant now has received both notice and an opportunity to be heard.

Good cause existed for entry of the protective order. The protective order was entered in conjunction with the government's responsibilities under 18 U.S.C. § 2518 to keep wiretap contents secret while an investigation is underway.

The final question raised by Defendant's motion is whether the protective order is overbroad in light of the facts and circumstances of this case. Defendant is detained and since the materials cannot be reviewed outside of the presence of counsel, Defendant claims his ability to assist in his defense is hampered. In order to assist in his own defense, Defendant claims he needs continual access to the materials, not just when his counsel is able to be present. Defendant states that the protective order is overbroad because the majority of the material consists of transcripts of telephone calls and texts between the alleged participants in the criminal activity who are all known to each other.

The Government asserts that the precaution of preventing Defendant from having the subject documents in his jail cell is necessary: to protect individuals who have been threatened; to protect the ongoing investigation; to prevent the destruction of evidence; to prevent targets from becoming fugitives; and to prevent intimidation of those who are

2

cooperating or who have cooperated with the investigation. The Government represents that at the beginning of the investigation "a gun was placed to the head of an individual with the threat to the individual and another person if the other person cooperated in the investigation. Approximately 12 months later, a third individual was harmed by shrapnel when a threat was followed by the discharge of a weapon." [Dkt. 81, pp. 6-7]. And, during the week of January 17, 2013, a fourth individual was told by others in the jail "[w]e're watching you," which was taken as intimidation. *Id*. at 7. In addition, investigation is continuing into the involvement of others whose identity is included in the subject documents. *Id*.

In *US v. Garcia*, 406 F.Supp.2d 304, 306 (S.D. N.Y 2005), a case cited by both parties, the Court thoughtfully discussed the same competing concerns at play in the instant case. The *Garcia* Court concluded that a protective order should prevent the defendant from having copies of some of the documents, but that other documents should be made available to the defendant. The *Garcia* Court thus resolved the issues presented based on the content of particular documents, not based on generalities or abstract principles. The dispute in the instant case should be resolved in the same manner.

According to Defendant, the bulk of the discovery consists of transcripts of telephone calls and texts of alleged participants in criminal activity, including Defendant. Defendant states the alleged participants have long standing ties to each other and know the identities of each other. The court does not know whether the transcribed conversations also include conversations with others that would lead to the dangers expressed by the Government, or whether those conversations could be redacted to

3

enable Defendant extended access to the materials. Moreover, it does not appear that there has been any meaningful discussion between counsel about whether the materials can be managed to accommodate their respective concerns. The court will therefore require counsel to meet and to confer in good faith to determine whether Defendant can reasonably and safely possess some of the materials for his review without creating the dangerous situation feared by the Government. By this, the court means that counsel must actually discuss the specific materials in this case. *See* LCrR 16.1 (requiring parties to confer in good faith to resolve discovery disputes). If, after such meeting, a dispute still exists, Defendant may file another motion.

In the event another motion is filed concerning these materials, the parties' positions should not be stated in generalities. Defendant needs to be specific about which documents he needs and why they are needed. The Government must also provide specific reasons for its position with respect to those documents. Sealed or *ex parte* filings or proceedings and *in camera* review can be employed as appropriate to maintain confidentiality.

Defendant's Motion to Reconsider Protective Order, [Dkt. 74], is DENIED without prejudice to being reasserted after the meet and confer ordered herein.

SO ORDERED this 30th day of January, 2013.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE