UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) Case No. 12-CR-199-002-CVE |
| OSCAR FUENTES-DIAZ, | ) |
| Defendant. | ) |

## OPINION AND ORDER

Now before the Court is Defendant's Motion to Reconsider Pre-Trial Release (Dkt. # 82). Defendant Oscar Fuentes-Diaz was arrested in Arizona, and he was brought before a magistrate judge in the United States District Court for the District of Arizona. The magistrate judge found that Fuentes-Diaz should be detained pending trial. Under Fed. R. Crim. P. 5, Fuentes-Diaz was transferred to this Court for further proceedings. The motion to reconsider the detention order was originally referred to Magistrate Judge Paul J. Cleary, but Judge Cleary determined that he lacked jurisdiction to reconsider a detention order entered by another court. Dkt. # 88. The reference of the motion to Judge Cleary was terminated and this matter was set for hearing before the undersigned on February 6, 2012. The government and defendant proceeded by proffer, which is summarized below. Dkt. # 90. Following that hearing, the Court finds and concludes as follows:

**Background**

On November 5, 2012, a federal magistrate judge of this district signed a complaint charging Fuentes-Diaz and others with conspiracy to possess with intent to distribute and to distribute methamphetamine and marijuana. Dkt. # 1. On November 7, 2012, the grand jury returned a single count indictment charging Fuentes-Diaz and four others with conspiracy to possess with intent to

distribute and to distribute 500 grams or more of methamphetamine. Dkt. # 26. This charge carries a statutory mandatory minimum sentence of 10 years and a maximum sentence of life imprisonment. 21 U.S.C. § 841(b)(1)(A). Defendants Moises Alberto Yanez, Terry Leon King, Michael Maicol Nunez, and Jose Robles Arechiga made their initial appearances in this district, and all of these defendants were detained pending trial. On November 7, 2012, Fuentes-Diaz was arrested in Arizona and he made his initial appearance in the District of Arizona on the following day. A detention hearing was originally set for November 15, 2012, but the matter was continued after defendant retained counsel and the newly retained counsel requested additional time to prepare for the detention hearing. United States v. Oscar Fuentes-Fuentes-Diaz, 12-mj-3544-LOA, Dkt. # 6 (D. Ariz. Nov. 15, 2012). On November 19, 2012, the Arizona magistrate judge held a detention hearing and entered an order finding that Fuentes-Diaz should be detained pending trial. The Arizona magistrate judge made the following factual findings:

> Notwithstanding Defendant's ties to the United States as a citizen and with a family and home here, Defendant has significant ties to the Republic of Mexico. He was born there, lived much of his life there and has close family members who reside there. Although Defendant's spouse was willing to pledge the house, given the amount of drugs allegedly involved with the suspected drug trafficking organization, the lucre of that enterprise could easily replace any asset that might be forfeited upon Defendant's non-appearance. From the reports of the Title III investigation in the affidavit of probable cause in support of his criminal complaint, it would appear that the weight of evidence is strong especially given the drugs found in the car loaded for the controlled buy which Defendant inspected. Finally, the risk of flight is increased by the dissembling with the Pretrial Services Officer which is suggested by the incongruity between Defendant's reporting of his recent travel to Mexico and the report offered by a close family member. Someone is not telling the truth.

United States v. Oscar Fuentes-Fuentes-Diaz, 12-mj-3544-LOA, Dkt. # 10 (D. Ariz. Nov. 19, 2012). Defendant was transferred to this district pursuant to Rule 5, and Fuentes-Diaz made his initial

appearance before Judge Cleary on December 18, 2012. Assistant Federal Public Defender William Widell was appointed to represent defendant.

In a separate miscellaneous case, Chief Judge Gregory K. Frizzell had entered a protective order allowing the government to disclose certain evidence to defense counsel in this case but, <u>inter alia</u>, defense counsel must "maintain complete custody and control" over the evidence. On November 27, 2012, defendants Yanez, King, Nunez, and Arechiga filed an unopposed motion (Dkt. # 55) to declare this matter a complex case under the Speedy Trial Act, 18 U.S.C. § 3161, and the motion was granted. Dkt. # 57. The jury trial of this matter was continued from December 17, 2012 to June 17, 2013. <u>Id.</u> at 4. Fuentes-Diaz claims that he had not made his initial appearance in this Court when the motion for complex case designation was filed, and that he has not waived his right to a speedy trial. Dkt. # 82, at 2.[1]

Fuentes-Diaz filed a motion to strike the protective order. Dkt. # 74. The motion was referred to a magistrate judge, and the motion was denied without prejudice to refiling after the parties meet and confer about the disclosure of documents. Dkt. # 85. Fuentes-Diaz also filed this motion to reconsider the detention order entered by the Arizona magistrate judge. Dkt. # 82. The motion to reconsider was referred to Judge Cleary. The government filed a response to the motion challenging Judge Cleary's authority to consider such a motion, and Judge Cleary determined that he lacked jurisdiction to rule on a motion to reconsider a detention order entered in another judicial district.

---

[1] The Court notes that defendant has filed motions to strike the protective order and reconsider pretrial detention, but he has not asked the Court to reconsider the entry of the amended scheduling order.

3

At the hearing before the undersigned on defendant's motion to reconsider the detention order, the parties proceeded by proffer. Counsel for the government proffered that the investigation of Fuentes-Diaz involved the use of Title III wiretaps, and Drug Enforcement Agency (DEA) investigators learned that Fuentes-Diaz was arranging for methamphetamine to be picked up in Arizona and delivered in Oklahoma. Two persons drove from Tulsa, Oklahoma to Arizona and met Fuentes-Diaz in Arizona, and Fuentes-Diaz took the persons' vehicle to a residence. While at the residence, Fuentes-Diaz went in and out of the garage and appeared to be inspecting the vehicle, and an agent conducting surveillance observed certain covert movements by Fuentes-Diaz. Fuentes-Diaz returned the vehicle to the persons from Oklahoma approximately two hours later. According to the complaint, Fuentes-Diaz observed a surveillance unit and contacted Yanez to warn him to get a new cellular telephone. Dkt. # 1, at 8. Fuentes-Diaz took a different route back to meet the two persons from Oklahoma, perhaps because he observed the surveillance unit. Id. After Fuentes-Diaz returned the vehicle, it was driven to Tulsa and the two persons met Nunez near 31st Street and Garnett Avenue. Nunez took the vehicle and he was subsequently stopped by DEA agents. DEA agents searched the vehicle and found approximately three pounds of methamphetamine. The vehicle was under surveillance from the time it left for Arizona until the completion of the stop by DEA agents. Arizona law enforcement officials advised a DEA agent that it appeared as if Fuentes-Diaz was in the process of packing when he was arrested. The government states that threats have been made against certain witnesses and Fuentes-Diaz may have been aware of the threats, but there is no evidence that he was instrumental in having any witness threatened.

Defense counsel made a proffer on behalf of defendant that defendant is a legal and long-term resident of the United States with family ties to this country. Fuentes-Diaz legally crossed into

4

the United States to work during the summer beginning when he was nine years old, but he illegally remained in the United States when he was 15. He became a legal United States citizen and he is also married to a United States citizen. He and his wife have five children. He argues that he has little reason to return to Mexico because his wife and children all reside in the United States. Defense counsel represented that defendant has no criminal history. Fuentes-Diaz argues that there is no evidence that he is a flight risk, even though he has some family in Mexico, because the government has presented no evidence that the family members in Mexico would be willing to harbor a fugitive. Fuentes-Diaz claims that he was in the process of making repairs to his home, and this contradicts the government's assertion that he was preparing to leave the home. He denies that he was planning to leave Arizona, and he claims that he was arrested while purchasing beer at a store. He also claims that no illegal drugs or other contraband were found in a search of his home.

**Analysis**

Under 18 U.S.C. § 3145(b), a criminal defendant who has been detained pending trial may file "with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order." The Tenth Circuit requires this Court to conduct de novo review of a magistrate judge's detention order. United States v. Cisneros, 328 F.3d 610, 616 n.1 (10th Cir. 2003). A district court has the discretion to hold an evidentiary hearing if it determines that additional evidence is necessary or it may rule on the written pleadings and evidence if the factual record is sufficient. United States v. King, 849 F.2d 485, 490-91 (11th Cir. 1988); United States v. Williams, 753 F.2d 329, 334 (4th Cir. 1985).

At the original detention hearing, plaintiff invoked the presumption of detention, pursuant to 18 U.S.C. § 3142(e), that no conditions of release will assure Fuentes-Diaz's appearance and the

5

safety of the community. See 18 U.S.C. § 3142(e) ("Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act . . . ."). When the government invokes the presumption of detention, the burden shifts to the defendant to produce evidence rebutting the presumption. United States v. Stricklin, 932 F.2d 1353, 1354 (10th Cir. 1991). The defendant's burden of production is not heavy, but some evidence must be produced. Id. at 1355. Even if the defendant satisfies his burden of production, "the presumption remains a factor for consideration by the district court in determining whether to release or detain." Id.; see also United States v. Hare, 873 F.2d 796, 798 (5th Cir. 1989) ("the mere production of evidence does not completely rebut the presumption, and in making its ultimate determination, the court may still consider the finding by Congress that drug offenders pose a special risk of flight and dangerousness to society"). At all times, the burden of persuasion remains with the government. United States v. Cook, 880 F.2d 1158, 1162 (10th Cir. 1989).

Fuentes-Diaz argues that the designation of this matter as a complex case and the entry of protective order provide grounds for reconsideration of the detention order entered in the District of Arizona. He asserts that it is difficult for him to review documents with his attorney at the jail and that it would be substantially easier for him to assist in his defense if he were released.[2] He also

---

[2]  The Court notes that the other defendants in this case have been detained pending trial and none of the other defendants has challenged the protective order. Fuentes-Diaz's attorney has been directed by the magistrate judge to meet and confer with counsel for the government concerning the disclosure of documents to defendant. Even if defendant experiences some

6

claims that he has no criminal history, has a family in the United States, and has no significant ties to any other country. This is a presumption case because Fuentes-Diaz is charged with a drug offense with a maximum term of imprisonment of ten years or more, and the burden shifts to defendant to produce evidence in support of his request for pretrial release. 18 U.S.C. § 3142(e)(2); Stricklin, 932 F.2d at 1355 ("grand jury indictment of defendant was sufficient to establish a finding of probable cause that he had committed a federal drug offense carrying a maximum prison term of ten years or more"). The Court initially notes that the entry of a protective order and an amended scheduling order have little or no bearing on the statutory factors for pretrial release. Based on the information contained in the Arizona pretrial services report, it is apparent that defendant is significantly understating his connections to Mexico, and this is a substantial factor weighing against pretrial release. United States v. Oscar Fuentes-Fuentes-Diaz, 12-mj-3544-LOA, Dkt. # 2 (D. Ariz. Nov. 9, 2012) (pretrial services report). It appears that Fuentes-Diaz lied to his wife about making a trip to Mexico on October 25, 2012, because his wife was unaware that he had been to Mexico since 2009. Fuentes-Diaz and his wife are United States citizens, but Fuentes-Diaz's mother and two siblings still reside in Mexico. Fuentes-Diaz was issued a passport by the United Stated government in 2005. Fuentes-Diaz's wife states that he consumes alcohol daily and he becomes verbally abusive and violent when he consumes alcohol. Fuentes-Diaz has previously been charged with grand theft of a vehicle and possession/purchase of a controlled substance. He claims that his

---

(cont'd on next page)
(cont'd from previous page)
inconvenience in preparing for trial, this would not outweigh the presumption of detention and the evidence of danger and flight risk.

sole employment is selling items at a swap meet. However, he was able to purchase a home with cash in 2010, and the home was placed in his wife's name.

Applying the de novo standard of review, the Court will consider the factors stated in 18 U.S.C. § 3142(g) to determine whether Fuentes-Diaz has rebutted the presumption of detention and if there are conditions of release that will ensure that defendant will appear as required and the safety of any other person and the community. This is a presumption case and defendant has the burden of production. The first factor for the Court to consider is the "nature and circumstances of the offense charged." 18 U.S.C. § 3142(g)(1). Fuentes-Diaz has been charged with a drug offense and, in the Bail Reform Act, Congress specifically singled out drug offenders as posing a serious flight risk and/or a danger to the community. Hare, 873 F.2d at 798. The second statutory factor is the weight of the evidence against the defendant. 18 U.S.C. § 3142(g)(2). In this case, Fuentes-Diaz was arrested as part of a DEA investigation. Fuentes-Diaz met two persons driving a vehicle from Oklahoma to Arizona for the purpose of making a drug transaction, and a DEA agent observed Fuentes-Diaz inspecting the "internal structure of the vehicle" and make covert movements during a two hour period of time. Dkt. # 1, at 8. Approximately three pounds of methamphetamine were later seized from the vehicle. Counsel for the government also represents that there are wiretap transcripts suggesting that Fuentes-Diaz was aware of the surveillance and that he was concerned that persons could be listening to his phone conversations and following the vehicle. The evidence that Fuentes-Diaz was involved in an illegal drug transaction is relatively strong. The third statutory factor under § 3142(g)(3) is "the history and characteristics of the person." Fuentes-Diaz states that he has no criminal history but the pretrial services report shows that he has been charged with at least two prior crimes, including a drug offense. Dkt. # 82, at 2. Fuentes-Diaz denies that he has

8

strong ties to any country other than the United States, but he recently made a trip to Mexico and he did not disclose this information to his wife. He also has a mother and two siblings in Mexico. Fuentes-Diaz's employment consists of selling items at a swap meets, and this suggests that his tie to the community is somewhat tenuous. Even with his limited income from selling items at swap meets, Fuentes-Diaz was able to purchase a home with cash in 2010 and the home was placed in his wife's name. His wife is homemaker and does not contribute to the family's income. Fuentes-Diaz's wife reports that he consumes alcohol daily and he becomes violent and verbally abusive when he drinks alcohol. However, Fuentes-Diaz attempted to disguise this fact and he informed the pretrial services officer only that he drinks approximately three to six beers per week. The final statutory factor is the nature and seriousness of the danger to any person or the community if Fuentes-Diaz were released. Defendant has a history of alcohol abuse as reported by his wife. The Court also takes into account the nature of the offense and concerns that witnesses in this case have been threatened by a co-defendant. Although there is no evidence that Fuentes-Diaz actually threatened any witness, counsel for the government represents that Fuentes-Diaz was aware that threats were made.

Considering all of these factors, the Court finds that defendant has not rebutted the presumption of detention, and the Court further finds by a preponderance of the evidence that defendant poses a risk of flight and by clear and convincing evidence that defendant poses a danger to any other person and the community. Fuentes-Diaz has unverifiable employment and significant family ties to Mexico. He recently made a trip to Mexico without his wife's knowledge and counsel for the government states that this trip could be relevant if this case proceeds to trial. He has a history of alcohol abuse and his wife has reported that he becomes violent when he consumes

9

alcohol, and he attempted to disguise this fact during the pretrial services interview. These facts should also be considered in light of the serious sentence that defendant is facing if convicted of the crime charged, which would be no less than ten years and up to life imprisonment. The Court takes into account Fuentes-Diaz's family ties to Arizona, but this does not overcome the significant evidence showing that Fuentes-Diaz is a flight risk. Due to his history of alcohol abuse and the nature and circumstances of the offense, it is also apparent that defendant would pose a danger to others and the community if released. The Court concludes that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Reconsider Pre-Trial Release (Dkt. # 82) is **denied**.

**DATED** this 6th day of February, 2013.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE